COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


NORTH BRANCH COAL COMPANY, INC.
AND
LIBERTY MUTUAL INSURANCE COMPANY

            MEMORANDUM OPINION[*]
v. Record No. 0191-97-3     PER CURIAM
             JUNE 10, 1997
GERALD W. CORDLE


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

   (John C. Johnson; Monica L. Taylor; Gentry,
   Locke, Rakes & Moore, on briefs), for
   appellants.

   (Daniel Sachs, on brief), for appellee.


  North Branch Coal Company, Inc. and its insurer (hereinafter collectively referred to as "employer") contend that the Workers' Compensation Commission erred in finding that Gerald W. Cordle did not receive a diagnosis of pneumoconiosis in 1983 sufficient to trigger the running of the applicable statute of limitations. Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. Rule 5A:27.

  "Whether a diagnosis of an occupational disease was communicated and when the communication occurred are factual determinations to be made by the commission upon the evidence." Uninsured Employer's Fund v. Mounts, 24 Va. App. 550, 558, 484 S.E.2d 140, 144 (1997). The commission's factual findings will

---

   [*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

be upheld on appeal if supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

So viewed, the evidence established that Cordle began working for employer in 1982. In 1983, Dr. J.P. Sutherland, Sr. x-rayed Cordle's chest. According to Cordle, Dr. Sutherland told him "you've got a little bit of something." Dr. Sutherland then told Cordle that he would "not . . . put nothing down because if you do you'll have to sign a waiver." Cordle could not remember what Dr. Sutherland called the condition. When asked if the doctor used the term "coal worker's pneumoconiosis," Cordle testified that "[i]t could have been that . . . . I don't know exactly what it was."

The commission held that Cordle did not receive a communication of an occupational disease in 1983, finding that "Dr. Sutherland's statement to [Cordle] is too vague to qualify as a communication of an occupational disease." Based upon this finding, the commission held that Cordle's claim was not barred by the applicable statute of limitations.

This case is controlled by Mounts, in which we ruled that an employee did not receive a communication of an occupational disease when his x-rays revealed "possible pneumoconiosis."

2

Mounts, 24 Va. App. at 559, 484 S.E.2d at 144.  See also Blue Diamond Coal Co. v. Pannell, 203 Va. 49, 51-52, 122 S.E.2d 666, 668-69 (1961).  In this case, the commission could reasonably infer from Cordle's testimony that his 1983 conversation with Dr. Sutherland did not provide a diagnosis that was sufficiently definite to inform Cordle that he had contracted a disease caused by his employment, and thus, it did not trigger the running of the limitation period.  Cordle's testimony constitutes credible evidence to support the commission's decision.

For these reasons, we affirm the commission's decision.

Affirmed.